# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION

**JAMAL BEKHTYAR**                                                             **PLAINTIFF**

v.                                         **CIVIL ACTION NO. 4:17-CV-P105-JHM**

**GRAYSON COUNTY DETENTION CENTER et al.**                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, Jamal Bekhtyar, proceeding *pro se* and *in forma pauperis*, initiated this civil-rights action. On screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Court dismissed certain claims and gave Plaintiff an opportunity to amend his complaint. The Court also allowed claims against Grayson County Detention Center and Defendant Woosley in his official capacity, which are really claims against Grayson County, for deliberate indifference to Plaintiff's serious medical needs under the Fourteenth Amendment to go forward.

Plaintiff has amended his complaint (DN 11) to name Defendant Michael Wilson, a U.S. Probation Officer, in his individual capacity. Upon review under § 1915A, the Court will allow the *Bivens*[1] claim against Defendant Wilson in his individual capacity to go forward.

The Clerk of Court is **DIRECTED** to add Michael Wilson as a Defendant to this action in his individual capacity.

The Court notes that after Plaintiff filed his amended complaint, the U.S. Attorney filed a Notice of Substitution on behalf of Defendant Michael Wilson (DN 13). That document states that pursuant to the Westfall Act, "the United States of America . . . is hereby substituted for the individually-named defendant Michael Wilson." As grounds, that document argues that "[a]ll

---
[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

allegations of the complaint against Defendant Wilson sound, at best, in state tort law." The United States also asserts that "Plaintiff has no other remedy but the [Federal Tort Claims Act] for the claims alleged."

However, the amended complaint, which is filed on this Court's *Bivens*/§ 1983 complaint form,[2] alleges that Plaintiff made Defendant Wilson aware of Plaintiff's medical condition and the doctor's follow-up orders but that Defendant Wilson "neglected to convey [Plaintiff's] medical condition to the USMS and to the sit-in AUSA."

The Court must construe Plaintiff's complaint liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (internal citations omitted)). Doing so, the Court finds that Plaintiff has sufficiently stated a constitutional deliberate-indifference claim against Defendant Wilson. Plaintiff alleges that Defendant Wilson knew of his serious medical need but failed to inform the appropriate parties of that need. That the *pro se* Plaintiff used the word "neglected" instead of the constitutional legal term "deliberate indifference" is of no consequence at this initial review stage.

Therefore, the Court will not substitute the United States for Defendant Wilson in his individual capacity.

However, the United States makes a good point that Plaintiff may also be making a negligence claim under the Federal Tort Claims Act. Moreover, such a claim does not bar federal constitutional claims against federal employees. 28 U.S.C. § 2679(b)(2)(A). Therefore,

---

[2] Plaintiff's original complaint was filed in the Minnesota District Court on that Court's § 1983 complaint form titled "COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983."

the Court will also allow an FTCA claim to continue against the United States, and the Clerk of Court is **DIRECTED** to add the United States as a Defendant to this action.

Date: April 26, 2018

*[signature]*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
 Counsel of record
4414.009