# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION
# CIVIL ACTION NO. 4:17-CV-P105-JHM

JAMAL BEKHTYAR                                                 PLAINTIFF

v.

GRAYSON COUNTY DETENTION CENTER et al.              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion to dismiss or alternatively for summary judgment filed by Defendants Grayson County and Jason Woosley (DN 30). Briefing on the motion is complete, as is discovery.[1] For the following reasons, the motion for summary judgment will be granted.

## I.

Plaintiff alleged that on March 28, 2016, while on probation, he was seen by his primary care physician, Dr. Sean Ryan, for a "severe insect bite reaction/painful injury to the region of [his] upper-inner-right thigh." He states that Dr. Ryan gave him prescriptions for more than one antibiotic and follow up orders for bed rest. Plaintiff also was told to let Dr. Ryan know if his medical condition worsened by the next day. Plaintiff stated that the next morning his condition was worse but that he was not able to contact his doctor because he was arrested by the U.S. Marshals Service (USMS).

Plaintiff stated that after being arrested, he informed the USMS of his medical condition. He alleged that the USMS booking officer assured him that the facility where he would be sent would collaborate with his treating physician and treat him appropriately.

---

[1] Plaintiff filed a motion for Defendants to produce their pretrial discovery as required (DN 27). Since then, Defendants Grayson County and Jason Woosley filed their certification that all discoverable documents have been served on Plaintiff (DN 29).

Plaintiff alleged that when he was booked into the Grayson County Detention Center (GCDC), a medical staff member came to the intake area, briefly looked at his leg, asked him who his doctor was, and placed him in the medical observation pod. He alleged that despite telling her of the medical treatment he had received, including an ultrasound and instructions to notify his treating doctor if his condition worsened, "medical staff did not start any of my medications which neglected my medical condition and furthered it to worsen." He further stated that when his mother called GCDC to insist that they continue his doctor's orders, the medical staff responded that Plaintiff "'was no longer in Dr. Sean Ryan's care . . . .'"

Plaintiff alleged that his condition continued to worsen. He stated that in the evening he was given one of his antibiotics and an aspirin. He stated that the next day, the wound began to bleed, at which time the medical staff "slid some band-aides under the door, told [him] to pack up, and moved [him] to solitary confinement." He alleged that he spent two days in solitary confinement while his wound continued to bleed and to worsen. Plaintiff states that, on April 1, 2016, he was taken to medical for the first time where his wound was wrapped before he was taken to the courthouse for his detention hearing. Plaintiff stated that the Assistant U.S. Attorney and his probation officer had him immediately released "to go to the hospital myself, at my own expense to be treated" because "they feared I may lose my leg or worse if kept in custody." He stated that he went immediately to the hospital where emergency surgery was performed.

On initial review, the Court found that Plaintiff alleged a GCDC policy not to treat prisoners who are under the authority of the USMS and allowed Plaintiff's deliberate-indifference-to-serious-medical-needs claim under the Fourteenth Amendment to continue.

**II.**

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* A moving party with the burden of proof who seeks summary judgment faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (internal quotation marks, citation, and emphasis omitted). The party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. "Accordingly, summary judgment in favor of the party with the burden of persuasion 'is inappropriate when the evidence is susceptible to different interpretations or inferences by the trier of fact.'" *Green v. Tudor*, 685 F. Supp. 2d 678, 685 (W.D. Mich. 2010) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999)).

Defendants' motion first argues that Plaintiff's complaint is barred by the one-year statute of limitations for 42 U.S.C. § 1983 actions in Kentucky. According to Defendants, Plaintiff's original complaint was filed on April 19, 2017, and Plaintiff's cause of action accrued on March 29, 2016, when he arrived at GCDC. In Kentucky, § 1983 actions are limited by the one-year

statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Putting aside the question of whether Plaintiff's claim did accrue on March 29, 2016, Defendants' argument fails because although Plaintiff's complaint was not file-stamped by the Clerk until April 19, 2017, Plaintiff signed it on March 24, 2017. Under the mailbox rule, a prisoner's action is deemed filed on the date it was presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)); *see also Bowlds v. Dortch*, No. 4:10-CV-P61-M, 2010 WL 2203258 (W.D. Ky. May 26, 2010) (applying the mailbox rule to a civil-rights action brought pursuant to § 1983).

The complaint form from the United States District Court for the District of Minnesota, which Plaintiff used, does not have a place to sign and date as to when it was presented to prison authorities for mailing.[2] However, "[t]he fact that the parties may never be able to determine precisely when Plaintiff mailed his [c]omplaint should not prevent the application of the mailbox rule in this litigation." *Higgenbottom v. McManus*, 840 F. Supp. 454, 456 (W.D. Ky. 1994). Therefore, the Court declines to grant Defendants' motion based on statute of limitations.

Defendants' motion next argues that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA). They argue that although the GCDC had a grievance procedure available to Plaintiff, Plaintiff failed to file a grievance regarding the alleged deliberate indifference to his medical needs. Among the attachments to the motion is the affidavit of Defendant Woosley, GCDC Jailer. Defendant Woosley avers that at all times during Plaintiff's incarceration there, GCDC had in effect an inmate grievance procedure and that, upon arrival and booking at GCDC, all inmates are provided with a copy of the inmate

---

[2] This action was filed in the District Court for the United States District of Minnesota. That court transferred the action here. *See* DNs 3-5.

4

handbook, which includes the GCDC's Inmate Grievance Policy and Procedure. According to that affidavit, the GCDC grievance policy provides that "'any inmate shall be allowed to file a grievance at such time as the inmate believes he . . . has been subject to abuse, harassment, abridgement of civil rights or denied privileges specified in the posted rules.'" Defendant Woosley also avers that Plaintiff did not file a grievance during his incarceration at GCDC.

In response (DN 31), Plaintiff argues in pertinent part that he was never given an inmate handbook and therefore did not know about GCDC's policies. He further argues that, regardless, GCDC was aware of his medical condition despite Plaintiff not filing a grievance. He also argues that because he was kept at GCDC for less than 72 hours, the PLRA requirement of filing a grievance was not available to him.

In reply (DN 32), Defendants argue that Plaintiff offers no affirmative proof that he did not receive a copy of the GCDC inmate handbook, and, therefore, did not know about the grievance procedure, whereas they have offered the affidavit of Defendant Woosley that all inmates are given a copy of the handbook when they arrive and are booked into GCDC.

Prisoner civil-rights cases are subject to the mandate of the PLRA that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all steps of a prison's or jail's grievance process. *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and other critical procedural rules

5

because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

A prisoner is required "to make affirmative efforts to comply with the administrative procedures." *Mattox v. Edelman*, 851 F.3d 583, 590 (6th Cir. 2017) (internal quotation marks and citations omitted). "A plaintiff's failure to exhaust cannot be excused by his ignorance of the law or the grievance policy." *Napier v. Laurel Cty., Ky.*, 636 F.3d 218, 222 n.2 (6th Cir. 2011) (citing cases).

Plaintiff has offered no evidence that the grievance procedure was not available to him. *See Napier v. Laurel Cty., Ky.*, No. CIV A 06-368-ART, 2009 WL 2255767, at *4 (E.D. Ky. July 29, 2009) ("[B]ecause the only evidence before the Court indicates that those administrative remedies were available to the plaintiff at the time he filed this lawsuit, the defendants have satisfied their burden of proving that the plaintiff failed to comply with the PLRA exhaustion requirement before bringing this action."); *see also Wengorovius v. Corizon Corp.*, No. 12-CV-13053, 2013 WL 449913, at *6 (E.D. Mich. Jan. 16, 2013), *report and recommendation adopted*, No. 12-13053, 2013 WL 450127 (E.D. Mich. Feb. 6, 2013) ("Plaintiff was required to present affirmative contrary evidence establishing the existence of a material question of fact on the exhaustion issue. . . . In other words, Plaintiff needed to present at least some proper evidence that he had, in fact, filed and appealed the relevant grievances . . . ."). Thus, Plaintiff's unsupported contention that he did not receive a copy of the inmate handbook does not support his argument against summary judgment on the basis of exhaustion.

The purpose of the exhaustion requirement is "to give prison officials a fair opportunity to address a prisoner's claims on the merits before federal litigation is commenced." *Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017). Because, as Plaintiff admits, he did not file a

grievance, Grayson County officials did not have an opportunity to address the merits of his claim before federal litigation was begun.

Nor does the fact that Plaintiff was released from GCDC after 72 hours negate his obligation to exhaust. It appears that Plaintiff was released from custody for his leg surgery and that Plaintiff was not immediately transferred to another facility. However, at the time he filed his complaint, Plaintiff was again incarcerated, this time in Nashville, Tennessee.[3]

In *Cohron v. City of Louisville, Ky.*, No. CIV.A. 06-570-C, 2012 WL 1015789, at *1 (W.D. Ky. Mar. 22, 2012), this Court considered a case in which a plaintiff "spent a small amount of time in custody" at Louisville Metro Department of Corrections (LMDC) when the incident which formed the basis of the plaintiff's § 1983 complaint occurred, he was released, and then he was reincarcerated approximately two weeks later. The LMDC grievance procedure specifically provided that an inmate's grievance became moot upon release and did not provide for reinstatement of a grievance upon reincarceration. Therefore, this Court concluded that, to satisfy the PLRA, the plaintiff was required to have filed a grievance; however, he was not required to pursue his original grievance once he was reincarcerated. The question therefore in that case was whether the plaintiff had in fact filed a grievance. The Court held an evidentiary hearing to determine that disputed issue of material fact. The evidence showed that the plaintiff did not, and the Court granted summary judgment for failure to exhaust in favor of the defendants.

On appeal the Sixth Circuit Court of Appeals affirmed, holding that the PLRA applied to the plaintiff because he brought the action related to prison conditions while he was a prisoner.

---

[3] Had he been transferred directly to another prison or jail, the Court's analysis would not change. A "prisoner's subsequent transfer to another prison facility does not relieve him of his obligation to administratively exhaust his claims at the facility where the claims arose." *Mora v. Rios*, No. 7:11-68-KKC, 2012 WL 381720, at *3 (E.D. Ky. Feb. 6, 2012).

*Cohron v. City of Louisville, Ky.*, 530 F. App'x 534, 536 (6th Cir. 2013). Because the plaintiff had not filed a grievance, he failed to exhaust. *Id.*

Similarly, the Court finds here that Plaintiff was required to file a grievance with GCDC before bringing this action because he was a prisoner at the time he filed his complaint. *Cox v. Mayer*, 332 F.3d 422, 425 (6th Cir. 2003) ("Because (1) plaintiff was a prisoner when he 'brought' his suit, and (2) plaintiff's suit implicates 'prison conditions,' § 1997e(a) applies and plaintiff was required to exhaust any available administrative remedies before he filed suit.").

In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court held that exhaustion under the PLRA is an affirmative defense. Therefore, the heightened summary-judgment standard set out above applies to Defendants' motion for summary judgment based on the affirmative defense that Plaintiff failed to exhaust. The Court concludes that Defendants have met their burden to show that Plaintiff did not exhaust his administrative remedies. The Court will, therefore, grant summary judgment to Defendants Grayson County and Jason Woosley.

### III.

Accordingly,

**IT IS ORDERED** that Defendants' motion for summary judgment (DN 30) is **GRANTED** and that the motion to dismiss (DN 30) is **DENIED as moot**.

The Clerk of Court is **DIRECTED** to terminate Grayson County and Jason Woosley as Defendants to this action.

Date:

cc: Plaintiff, *pro se*
 Counsel of record
4414.009