UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

JAMAL BEKHTYAR                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 4:17-CV-P105-JHM

GRAYSON COUNTY DETENTION CENTER et al.              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court are the motion for reconsideration (DN 17) filed by Defendant United States of America and the motion to dismiss (DN 14) filed by Defendant Michael Wilson. Each will be considered below.

**Motion for reconsideration (DN 17)**

In his complaint, Plaintiff, Jamal Bekhtyar, who is proceeding *pro se*, alleged that Defendant Wilson, a U.S. Probation Officer in the Middle District of Tennessee, was deliberately indifferent to Plaintiff's serious medical need because Defendant Wilson failed to inform the U.S. Marshal's Office and the U.S. Attorney's Office that Plaintiff required antibiotics, rest, and follow-up medical attention for a spider bite when Plaintiff was arrested by the U.S. Marshal's Office. On initial review, the Court allowed Plaintiff an opportunity to amend his complaint to name Defendant Wilson in his individual capacity. Plaintiff did so (DN 11), and the Court allowed the Eighth/Fourteenth Amendment claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendant Wilson to proceed.

In its motion for reconsideration, Defendant United States moves the Court for reconsideration of its determination that Plaintiff had alleged a constitutional claim against Defendant Wilson. Defendant United States argues that since recovery against Defendant Wilson would be from his personal assets, the Court must reconsider its decision to prevent a

manifest injustice. Defendant United States further argues that within the second amended complaint, Plaintiff fails to link Defendant Wilson to a constitutional violation.

Plaintiff's motions (DNs 20 and 22) for the Court to deny the Defendants' motion to dismiss are effectively a response to the motion for reconsideration. Plaintiff states that his Eighth and Fourteenth Amendments were violated by all Defendants; that the Court has liberally and correctly construed his complaint; and that Defendants are not immune to Plaintiff's claims of deliberate indifference to a serious medical issue in violation of the Eighth and Fourteenth Amendments.

"Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). The Court will reconsider whether Plaintiff has stated a constitutional claim against Defendant Wilson.

The Sixth Circuit historically has analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims "under the same rubric." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013). "[A] prisoner's Eighth Amendment right is violated when prison . . . officials are deliberately indifferent to the prisoner's serious medical needs." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "A deliberate indifference claim has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011).

"The objective component mandates a sufficiently serious medical need." *Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011). This Court will assume, and Defendant does not

argue otherwise, that Plaintiff's spider bite was a sufficiently serious medical need so as to satisfy the objective component.

The subjective component regards a prison official's state of mind; the prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 896 (6th Cir. 2004) (internal quotation marks and citation omitted).[1] Defendant United States argues that Plaintiff has not met the subjective prong because nothing suggests that Defendant Wilson was aware of the lack of medical care during Plaintiff's detention at Grayson County Detention Center (GCDC) or that Defendant Wilson did not himself believe that Plaintiff would receive adequate care. Defendant United States argues that, even under a liberal reading of the complaint, Plaintiff only sets forth a negligence claim as to Defendant Wilson.

The Court takes note of Defendant's argument that Defendant Wilson could have reasonably believed that Plaintiff would in fact receive medical attention at GCDC. Defendant United States points to the fact that Defendant Wilson assured Plaintiff that he would receive medical attention and to the fact that when Defendant Wilson saw Plaintiff in court three days later and realized that he had not received and needed medical treatment Defendant Wilson "immediately" had Plaintiff released to go to the hospital.

The instant case is similar to a recent decision by this Court. In *Quintana v. Woosley*, No. 4:18-CV-P95-JHM, 2018 WL 3487470, at *3 (W.D. Ky. July 19, 2018), the plaintiff's main

---

[1] The Sixth Circuit recently observed that the standard which governs pretrial detainee Fourteenth Amendment claims may be shifting. In a footnote in *Richmond v. Huq*, the court cited the Supreme Court's decision in *Kingsley v. Hendrickson*, __ U.S. __, 135 S. Ct. 2466 (2015), which held that a pretrial detainee's Fourteenth Amendment excessive-force claim need only meet a lesser "objectively unreasonable" standard under the Fourteenth Amendment. 885 F.3d 928, 938 n.3 (6th Cir. 2018). The *Huq* Court stated that *Kingsley* "calls into serious doubt whether [a plaintiff] need even show that the individual-defendant officials were subjectively aware of [the plaintiff's] serious medical condition and nonetheless wantonly disregarded them." *Id*. However, the *Huq* Court also noted that it could find no circuit that had yet applied *Kingsley* specifically to a claim of deliberate indifference to a detainee's serious medical need. *Id*.

complaint was that medical officials did not provide treatment for his spider bite until one week after he let them know about the bite through "word of mouth." This Court found the following:

> "[A] short delay by itself in administering medical treatment—even an unexplained delay—is not enough to demonstrate deliberate indifference to . . . medical needs, but instead evinces negligence." *See Barner v. Mackie*, No. 17-1608, 2017 WL 5633399, at *3 (6th Cir. 2017) (citing *Santiago v. Ringle*, 734 F.3d 585, 592-93 (6th Cir. 2013)); *see also Hood v. Johns*, No. 5:11-CT-3072-FL, 2012 WL 3839987, at *4 (E.D.N.C. Sept. 5, 2012) (granting summary judgment against a plaintiff who asserted that defendant prison guards had promised him treatment for a brown recluse spider bite because in the absence of any evidence suggesting that the guards "purposely denied or delayed his treatment," a one-week delay in obtaining treatment "at most, amounts to negligence, which does not state a constitutional claim").

*Id.*

Here, the delay, three days, is even shorter than in *Quintana*, and Defendant Wilson had no control over whether Plaintiff received medical care at GCDC. Accordingly,

**IT IS ORDERED** that the motion for reconsideration (DN 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's *Bivens* claim against Defendant Wilson is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to terminate Defendant Michael Wilson as a party to this action.

**Motion to dismiss (DN 14)**

In his motion to dismiss the Federal Tort Claims Act (FTCA) claim, Defendant Wilson argues, among other things, that Plaintiff did not exhaust his administrative remedies as required by the FTCA by filing an administrative claim with the U.S. Probation Office. Attached to the motion is a letter from the Chief Probation Officer for the Middle District of Tennessee who states that Plaintiff "did not file a Federal Tort Claim Act administrative claim with this office prior to his lawsuit."

In his motions to deny Defendant's motion to dismiss (DNs 20 and 22), Plaintiff does not argue that he, in fact, did file an administrative claim.

In reply (DN 21), Defendant argues that Plaintiff does not and cannot refute the fact that he has not met the FTCA's prerequisite statutory requirement of filing an administrative claim.

A plaintiff bringing a negligence claim under the FTCA must exhaust the administrative remedies associated with the FTCA prior to bringing an action in federal court. 28 U.S.C. § 2675(a). That statute provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.*

*Id.* (emphasis added). The requirement that an administrative claim be filed as before filing a civil action under the FTCA is a jurisdictional prerequisite. *Harris v. City of Cleveland*, 7 F. App'x 452, 458 (6th Cir. 2001) (per curiam) (holding "the FTCA requires a plaintiff to exhaust administrative remedies prior to instituting such a lawsuit"); *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996) (dismissal proper for lack of jurisdiction under FTCA where plaintiff did not allege he had filed an administrative claim).

Here, it is clear that Plaintiff did not file for administrative relief before filing the instant action in this Court. Consequently, the Court determines that Plaintiff has not exhausted his administrative remedies as required by the FTCA. Therefore, dismissal without prejudice is proper. *See Joelson v. United States*, 86 F.3d at 1422. Accordingly,

**IT IS ORDERED** that the motion to dismiss (DN 14) the FTCA claim against the United States is **GRANTED** and the FTCA claim is **DISMISSED without prejudice**.

The Court will enter a separate Order dismissing this action.

Date: December 20, 2018

Joseph H. McKinley Jr., District Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4414.009